**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 3:16-cr-93-J-32JRK |
| | ) |
| CORRINE BROWN, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**DEFENDANT'S REPLY**
**TO PLAINTIFF'S OPPOSITION TO MOTION FOR NEW TRIAL; AND**
**DEFENDANT'S REQUEST FOR ORAL ARGUMENTS**

**COMES NOW** Defendant, Corrine Brown, by and through her undersigned counsel and, in reply to Plaintiff's opposition to her motion for a new trial, states the following:

The dismissal of Juror 13 violated Ms. Brown's Constitutional rights, and led to her wrongful conviction. A reviewing court will reverse a district court if it dismisses a juror without a factual basis, or if it dismisses a juror for an irrelevant reason. See United States v. Smith, 918 F.2d 1501, 1512 (11th Cir. 1990). A reversal would be warranted in this case. The factual basis for the dismissal in this case was that God had told the juror that Ms. Brown was not guilty. A 57.[1] But the juror's statement, that God had told him that Ms. Brown was not guilty, was not a statement of fact. The record contains no competent evidence that God had actually told the

_____

[1] "A" refers to the appendix attached to Ms. Brown's motion for new trial, and is followed by the page number of the appendix.

juror that Ms. Brown was not guilty.  Since the record does not
show that God had actually told the juror that Ms. Brown was not
guilty, the record lacks a factual basis for the dismissal.

The juror's statement, that God had told him that Ms. Brown
was not guilty, was a statement of faith.  The statement
reflected the juror's religious beliefs about the ultimate
source of his thoughts.  The juror's religious beliefs, about
the ultimate source of his thoughts, were irrelevant.  To the
extent the juror was dismissed simply because of what he
believed, he was dismissed for an irrelevant reason.

The relevant question was whether the juror's verdict was
based on the evidence and the law.  The juror's responses to the
Court's questions showed that he had an accurate understanding
of his obligations as a juror.  He acknowledged his belief that
God had told him that Ms. Brown was not guilty and, at the same
time, he said that his verdict was based on the evidence and the
law.  For him, there was no conflict.  He explained: "my
religious beliefs are going to the testimonies of the people
given here, which I believe that's what we're supposed to do,
and then render a decision on those testimonies and the evidence
presented in the room."  A 40.  He said his verdict was based on
"what I think and believe."  A 38.  Furthermore, the Court found
that the juror was "very sincere."  A 56.  Since the juror was
"very sincere," it cannot be said, beyond a reasonable doubt,

that the juror's verdict was not based on the evidence and the
law.

The juror's verdict was based on the credibility of the
witnesses.   He said, "I know the truth when the truth is
spoken."  A 38, 39.  He said his religious beliefs were helping
him in judging the credibility of the witnesses.  A 40.  So his
verdict was based on the sufficiency of the evidence.  It cannot
be said, beyond a reasonable doubt, that the juror's verdict was
not based on the sufficiency of the evidence.  So the juror's
dismissal violated Ms. Brown's right to a unanimous verdict.
See United States v. Abbell, 271 F.3d 1286, 1301 (11th Cir.
2001).

The Court's decision to dismiss the juror was based on its
findings: (1) that God exists; and (2) that God is an external
force.  As with the juror's statements, the Court's findings
were statements of faith.  They reflected the Court's religious
beliefs.  In fact, the juror was not dismissed because of his
religious beliefs.  He was dismissed because of the Court's
religious beliefs.  He was dismissed because the Court believes
that God exists, and that God is an external force.  But the
record does not support these beliefs.

The Court said: "I want to be very clear that I am drawing
a distinction between someone who's on a jury who is religious
and who is praying for guidance or seeking inspiration, or

whatever mode that person uses to try to come to a proper decision, from this situation, where the juror is actually saying that an outside force, that is, a higher being, a Holy Spirit, told him that Ms. Brown was not guilty on those charges." A 58. But the record does not show that God is an outside force nor, for that matter, that God exists. The juror's dismissal, based on the Court's religious beliefs, was a violation of Ms. Brown's due process rights.

Furthermore, the Court appears to have found that the juror did not have "free will." The Court said the juror was "not able" to deliberate in a way that follows the law and the instructions that the Court gave to him. A 58. It said: "the Court is finding no substantial possibility that he is able to base his decision only on the evidence and the law . . . ." A 59. However, the record is devoid of any support these findings.

Plaintiff contends that the Court's decision to dismiss the juror is consistent with other cases in which jurors were dismissed because of their religious convictions. But this case is different from the cases Plaintiff cites. Here, the juror's religious beliefs were not incompatible with jury service. Juror 8 clearly said that Juror 13 was deliberating. A 22. And Juror 13, himself, said that his verdict was based on the evidence and the law. A 40. Accordingly, his dismissal

violated Ms. Brown's Constitutional right to a unanimous verdict. See United States v. Abbell, 271 F.3d 1286, 1301 (11th Cir. 2001), and United States v. Godwin, 765 F.3d 1306 (11th Cir. 2014).

Finally, all Christians, and other people of faith, seek direction from God. The Court's decision in this case would disqualify all people of faith from jury service. The Court's decision, if it is not corrected, will discourage a broad section of our population from productive jury service. This, in turn, would deprive defendants of their Constitutional right to a jury of their peers. See, Robinson v. Polk, 444 F.3d 225 (4th Cir. 2006) (concurring opinion denying a petition for rehearing *en banc*). That is what occurred here. The dismissal of Juror 13 violated Ms. Brown's Constitutional right to a jury of her peers.

<u>**CONCLUSION**</u>

The dismissal of Juror 13, after he had revealed his "not guilty" verdict, violated Ms. Brown's Constitutional right to a unanimous verdict. Furthermore, the dismissal of Juror 13, because of his religious beliefs about the ultimate source of his thoughts, violated Ms. Brown's Constitutional right to a jury of her peers. The violation of Ms. Brown's Constitutional

rights led to her wrongful conviction. Accordingly, justice requires that Ms. Brown be granted a new trial.

## ORAL ARGUMENTS

This motion raises important and novel questions about the role of religion in jury deliberations. Accordingly, Ms. Brown respectfully requests an opportunity to present oral arguments.

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that this document was filed using the Court's ECF system which will send a copy of the same to all counsel of record.

> **CPLS, P.A.**
> Attorneys|Consultants|Mediators
> 201 E. Pine Street, Suite 445
> Orlando, Florida 32801
> 407-647-7887/407-647-5396 (Fax)
> Attorneys for Defendant
> CPLS File No. 2349-1

July 7, 2017

> /s/ James Smith, Esq.
> **James W. Smith III, Esq.**
> Florida Bar No. 96438
> jsmith@cplspa.com
> **Samuel A. Walker, Esq.**
> Florida Bar Number 103190
> swalker@cplspa.com