**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                          Case No. 3:16-cr-93-J-32JRK

CORRINE BROWN

_____

### ORDER ON DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

This case is before the Court on Defendant Corrine Brown's Motion for Judgment of Acquittal (Doc. 188). The government responded in opposition (Doc. 189) and, with leave of Court, defendant filed a reply (Doc. 195). The Court held a hearing on the motion on August 7, 2017, the record of which is incorporated by reference.[1]

Corrine Brown and her co-defendant, Elias Ronnie Simmons, who eventually pled guilty and testified against her, were charged in a twenty-four count indictment alleging a conspiracy to commit mail and wire fraud, aiding and abetting mail and wire fraud, and, as to Brown only, additional financial disclosure and income tax-related charges.[2] On May 11, 2017, the jury rendered its verdict finding Brown guilty of

_____

[1]At the same hearing, the Court heard argument on defendant's motion for new trial (Doc. 187). The Court's decision on that motion is being issued by separate Order. Doc. 200.

[2]At the time of the indictment, Brown was a sitting member of the United States House of Representatives. Her co-defendant Simmons was her long-time Chief of

eighteen counts and not guilty of four counts of the twenty-two counts with which she was charged.  At trial, the Court denied Brown's motions for judgment of acquittal made at the close of the government's case and again at the close of the defense case.  She now renews her motion for a judgment of acquittal contending that (1) the government failed to provide sufficient evidence of criminal intent as to the conspiracy charge (Count One) and the aiding and abetting mail and wire fraud charges (Counts Two through Seventeen[3]) and failed to present evidence that Brown engaged in a scheme to defraud, as required to convict on aiding and abetting mail and wire fraud (Counts Two through Seventeen); and (2) the government failed to present evidence that Brown engaged in a scheme to conceal material facts on her financial disclosure forms (Count Nineteen) or that she corruptly endeavored to obstruct and impede the due administration of the Internal Revenue laws (Count Twenty-One), and failed to present sufficient evidence of intent to defraud on the financial disclosure and filing false tax return counts (Counts Nineteen and Twenty-One through Twenty-Four).[4]

———————————

Staff.

  [3]The jury found Brown not guilty as to Counts Three and Five (aiding and abetting mail fraud) and Counts Fourteen and Sixteen (aiding and abetting wire fraud).

  [4]On May 22, 2017 defendant moved for a fourteen day extension of time to file post-trial motions partially on the basis that the trial transcript was not yet available. The Court granted her motion the next day and the entire transcript was filed the following day.  However, neither party's brief on this motion contains any citation to the transcript.  Nonetheless, having sat through the trial, the Court is familiar with the testimony and has reviewed relevant portions of the transcript to confirm its

2

**I.**     **Discussion**

Under Rule 29(c) of the Federal Rules of Criminal Procedure, the defendant is entitled to a judgment of acquittal if the evidence, viewed in the light most favorable to the government, was insufficient to support the jury's guilty verdict.  United States v. Williams, 390 F.3d 1319, 1323-24 (11th Cir. 2004) (quotations and citations omitted).  "All credibility choices must be made in support of the jury's verdict."  Id. at 1323 (citation omitted).  Thus, in a case where the defendant testifies, if other testimony and evidence is contrary to that testimony, those conflicts must be resolved in favor of the government, and all reasonable inferences must be drawn in support of the government's case.  Id. at 1324.  "This test applies regardless of whether the evidence is direct or circumstantial."  Id. "Evidence is sufficient to support a conviction if a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt."  United States v. Maxwell, 579 F.3d 1282, 1299 (11th Cir. 2009) (quotation and citation omitted).  Thus, "it is not enough for a defendant to put forth a reasonable hypothesis of innocence, because the issue is not whether a jury reasonably could have acquitted but whether it reasonably could not have found guilt beyond a reasonable doubt."  Id. (quotation and citation omitted).

---

recollection.

**A.   Evidence of Criminal Intent and Intent to Defraud as to Conspiracy to Commit Mail and Wire Fraud, and Aiding and Abetting Mail and Wire Fraud**

Brown argues the government failed to present sufficient evidence of her criminal intent as to the conspiracy and aiding and abetting mail and wire fraud charges and her intent to defraud as to the aiding and abetting counts.  Testimony from FBI Special Agent Vanessa Stelly and FBI Forensic Accountant Kimberly Henderson demonstrated with bank records and other exhibits how cash flowed from donors to One Door for Education to Brown.  Simmons corroborated this evidence, testifying that, at Brown's direction, he withdrew cash from the One Door account and deposited it into Brown's personal bank accounts or gave her cash.  Von Alexander also testified that she was presented with checks (from One Door and other sources) that she deposited into her own business account at Brown's direction, and then withdrew cash which she either gave to Brown or deposited into Brown's personal bank account.  The jury also heard testimony from multiple donors who described Brown's efforts to secure donations to One Door, which she touted to them as a charity that provided scholarships and other benefits for children.  These donors affirmed that had they known their donations were going for Brown's personal use, they would not have made them.

The reasonable inferences of guilt to be drawn from this and other evidence at trial are not negated by testimony from Simmons that he and Brown used some of the

4

donor funds to host events that potentially could have raised funds for scholarships, or that some funds raised in 2015 were used to send students on a trip to China. The Court rejects Brown's contention that the jury's verdict was based on mere speculation. Cf. United States v. Mendez, 528 F.3d 811, 814 (11th Cir. 2008) ("When the government relies on circumstantial evidence, reasonable inferences, not mere speculation, must support the conviction."). Here, the inferences the jury drew were reasonable.

Nor is the government's proof diminished by the jury's acquittal of Brown on four of the counts of aiding and abetting mail and wire fraud; rather, the jury's verdict demonstrated its consideration of the evidence as to each count separately, as the Court instructed it to do. See Doc. 131, Jury Instruction No. 18. See also, United States v. Mitchell, 146 F.3d 1338, 1344-45 (11th Cir. 1998) (explaining that the court's review of evidence supporting a guilty verdict "is wholly distinct from the jury's conclusion that the evidence on another count was insufficient"). Viewing the evidence in the light most favorable to the government, the Court finds the jury's verdict was supported by sufficient evidence to demonstrate Brown's guilt beyond a reasonable doubt as to the conspiracy to commit mail and wire fraud (Count One) and the aiding and abetting mail and wire fraud charges (Counts Two, Four, Six through Thirteen, Fifteen, and Seventeen).

**B.    Evidence of Scheme to Conceal Material Facts on Financial Disclosure Forms, to Corruptly Endeavor to Obstruct and Impede Due Administration of Internal Revenue Laws, and Intent to Defraud as to Financial Disclosure and Filing False Tax Return Counts**

Brown also argues that the government failed to present evidence that she engaged in a scheme to conceal material facts on her financial disclosure forms (Count Nineteen) or that she corruptly endeavored to obstruct and impede the due administration of the Internal Revenue laws (Count Twenty-One), and failed to present sufficient evidence of intent to defraud on the financial disclosure and filing false tax return counts (Counts Nineteen and Twenty-One through Twenty-Four).

Brown contends that "[a]t worst" the evidence at trial showed she was "extremely careless and reckless with the handling of her personal finances and her obligations to ensure that her financial disclosure forms were accurately completed." Doc. 188 at 18.  Indeed, there was evidence to that effect, but it came mostly from Brown's own testimony, which the jury was free to disbelieve in favor of other evidence, including bank records, tax returns, and other documents related to Brown's finances, as well as testimony from Brown's accountant, members of her staff, and persons associated with various non-profit organizations Brown claimed to have supported with charitable donations, all of which went toward proving the fraudulent conduct charged in the indictment.  As the law requires on post-verdict Rule 29 review, the Court assumes the jury found the government's evidence more credible

than Brown's testimony on these points.[5] <u>Williams</u>, 390 F.3d at 1323-24.  Drawing all reasonable inferences in support of the government's case, the Court finds the jury's verdict was supported by sufficient evidence to demonstrate Brown's guilt beyond a reasonable doubt as to these charges.

## II.    Conclusion

The Court has not endeavored in this Order to recount all of the evidence supporting the jury's verdict.  Suffice it to say there was more than sufficient evidence to justify the jury's verdict on each count of conviction.

Accordingly, it is hereby

**ORDERED**:

Defendant Corrine Brown's Motion for Judgment of Acquittal (Doc. 188) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 16th day of August, 2017.


TIMOTHY J. CORRIGAN
United States District Judge

---

[5]There were also aspects of Brown's testimony which supported the government's case.

7

s.
Copies:

A. Tysen Duva, Esq. (Asst. U.S. Attorney)
Michael Coolican, Esq. (Asst. U.S. Attorney)
Eric G. Olshan, Esq. (Asst. U.S. Attorney)
James W. Smith, III, Esq.
Samuel A. Walker, Esq.
Defendant