```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION

UNITED STATES OF AMERICA       )
      Plaintiff,               )
                               )
v.                             ) CASE NO.3:16-CR-00093-TJC-JRK
                               )
CORRINE BROWN                  )
      Defendant.               )
                               )
_____ )
```

### DEFENDANT CORRINE BROWN'S MOTION
### FOR RELEASE ON BOND PENDING APPEAL

**COMES NOW Corrine Brown**, by and through the undersigned defense counsel and hereby moves this Honorable Court for an order allowing her to remain on bond pending the resolution of her direct criminal appeal. As grounds in support of this motion, Corrine Brown submits the following:

**I.   Procedural Posture**

On December 4, 2017, this Court sentenced Corrine Brown to be imprisoned for a term of 60 months in the custody of the Bureau of Prisons. The Court granted her the privilege of voluntary surrender with a report date of no earlier than January 8, 2018.

On December 11, 2017, Corrine Brown filed a timely notice of appeal.

On July 8, 2016, Corrine Brown was placed on pretrial release, and during the entire period that she was under pretrial services supervision, she never had a violation.

**II. Release Pending Appeal**

Pursuant to 18 U.S.C. 3143(b)(1)(A) and B(ii) and (iii), a person sentenced to imprisonment who has filed an appeal, shall be detained unless she demonstrates by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released; and in addition demonstrates that her appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in a new trial or a sentence that does not include a term of imprisonment.

**III. THE DISTRICT COURT RECOGNIZED THAT CORRINE BROWN IS NOT LIKELY TO FLEE AND POSES NO DANGER TO OTHERS OR TO THE COMMUNITY**

In this case, Corrine Brown asserts that the Court has already made a finding with regard to whether or not she is

likely to flee or pose a danger to the community given that the Court granted her voluntary surrender. Additionally, Corrine Brown was on pretrial release for over 17 months and never violated any of the conditions of her release.

**IV. THE APPEAL WILL PRESENT CLOSE QUESTIONS OF LAW THAT COULD BE DECIDED EITHER WAY**

In *United States v. Giancola*, 754 F.2d 898 (11th Cir. 1985), the 11th Circuit approved the construction given to 3143(b)(1)(B) by the 3rd Circuit in *United States v. Miller*, 753 F.2d. 19 (3d Cir. 1985). The 3rd Circuit held that the statutory requirement for release pending appeal is that the legal issue to be raised on appeal is either novel, has not been decided by controlling precedent, or is fairly doubtful. 753 F.2d. at 23. In the 11th Circuit, a substantial question is a close question or one that very well could be decided the other way. 754 F.2d at 901.

In this case, Corrine Brown asserts that the issues raised by the dismissal of the juror during deliberations present a substantial question that very well could be decided in her favor. Thus, the main issue for this Court to decide is whether or not her appeal raises a substantial question of law or fact

likely to result in a new trial or a sentence that does not include a term of imprisonment.

Corrine Brown's primary issue on appeal is the denial of her motion for a new trial, which asserted that she should have received a new trial because the Court committed reversible error when it dismissed a juror during deliberations without cause.

The arguments in support of granting Corrine Brown a new trial were fully briefed in prior motions. Therefore, those arguments will not be recited in this motion, which incorporates all of the arguments made in the prior motions (Doc 187).

Furthermore, there does not appear to be any controlling authority in the 11th Circuit on the precise questions raised by the Court's actions. The absence of controlling authority does not mean that Corrine Brown has not raised a substantial question under *Giancola*. To the contrary, the absence of any 11th Circuit precedent raises the likelihood that the 11th Circuit will adopt the arguments made by the Corrine in her motion for a new trial, and as applied to the unique facts in this case, determine that this Court committed reversible error when it denied her motion.

V.     **Position of the United States on the Motion.**

The United States has been contacted about the relief requested in this motion and has indicated that it opposes the motion.

**WHEREFORE,** Defendant Corrine Brown requests that this Court grant her release on bond pending appeal because she is not a flight risk and because her appeal will present a substantial question of law where there is a substantial likelihood of success.

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that this document was electronically filed today with the Clerk of the Court by using the ECF system which will send a copy of the same and electronic notice of this filing to all counsel of record.

                                        **CPLS, P.A.**
                                        Attorneys|Consultants|Mediators
                                        201 E. Pine Street, Suite 445
                                        Orlando, Florida 32801
                                        407-647-7887/407-647-5396 (Fax)
                                        Attorney for Defendant
                                        CPLS File No. 2349-1

Dated: December 11, 2017    By: /s/ James Smith, Esq._____
                                          James W. Smith III, Esq.
                                          Florida Bar No. 96438
                                          jsmith@cplspa.com