# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.  Case No. 3:16-cr-93-J-32JRK

CORRINE BROWN

_____

## ORDER RELEASING SENTENCING LETTERS

Various media outlets have requested access to the letters from members of the public that the Court received either directly or through the Probation Office in advance of the sentencing of former Congresswoman Corrine Brown. While such letters are not ordinarily of public interest and are not made part of the public file, in light of the requests, the Court gave the media and the parties an opportunity to file briefs on the matter. The media responded, arguing in favor of the release of the letters. See Doc. 249. Neither the government nor Ms. Brown responded.

The integrity of our judicial process is secured in large measure by the public's long-standing right of access to that process. Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001) (citation omitted). This "includes the right to inspect and copy public records and documents." Id. (citation omitted). However, the right of access is not absolute and a court must balance the public's right to know with competing interests, such as privacy, which may counsel toward non-disclosure of certain documents. Id. There is no Eleventh Circuit authority governing the public release of sentencing letters and other

courts have ruled both in favor of and against their disclosure. See, e.g., United States v. Kravetz, 706 F.3d 47, 57-63 (1st Cir. 2013) (holding that sentencing letters are presumptively accessible and should be released absent a compelling reason for non-disclosure); United States v. Byrd, 11 F.Supp.3d 1144 (S.D. Ala. 2014) (declining to release letters because they had not been influential in arriving at a sentencing decision and disclosure might dissuade the public from sending such letters in the future).

It does not seem likely in this case that letter writers expected that their letters would remain private. Moreover, the Court stated in its Sentencing Order that it considered character letters when weighing an appropriate sentence for Ms. Brown.[1] This case generated much public interest and, in light of the media's request, and the lack of objection by Ms. Brown or the government, the Court finds that the balance weighs in favor of releasing the sentencing letters.[2] At the Court's direction, the Clerk has redacted senders' home addresses, phone numbers, and names and photos of any minor children. See Administrative Procedures for Electronic Filing, § IV.D.2. The letters are attached as exhibits to this Order.

---

[1]Some letters advocated for a specific sentence for Ms. Brown. In arriving at a sentence, it would be inappropriate for the Court to take public opinion into account and the Court did not do so.

[2]There may be future circumstances where release of such letters would not be appropriate. Thus, the Court's decision to release the sentencing letters in this case is not intended to serve as precedent for future cases.

**DONE AND ORDERED** at Jacksonville, Florida this 18th day of December, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies to:
A. Tysen Duva, Esq. (Asst. U.S. Attorney)
Michael Coolican, Esq. (Asst. U.S. Attorney)
Eric G. Olshan, Esq. (Asst. U.S. Attorney)
James W. Smith, III, Esq.
Samuel A. Walker, Esq.
Timothy J. Conner, Esq.
Jennifer A. Mansfield, Esq.
United States Probation Office
Defendant