UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.   Case No. 3:16-cr-93-J-32JRK

CORRINE BROWN

_____

## ORDER DENYING MOTION FOR RELEASE PENDING APPEAL

While it is customary for a first time, non-violent white collar offender such as Corrine Brown to be allowed to voluntarily surrender to the Bureau of Prisons following sentencing, it is not customary for such an offender to remain free pending appeal. In fact, the law presumes that a person who stands convicted and sentenced will begin service of her sentence unless she can meet certain criteria. For Ms. Brown to be entitled to release pending appeal, the Court must find by clear and convincing evidence that she is not likely to flee or pose a danger to the community if released; the appeal is not for purposes of delay; and the appeal raises a substantial question of law or fact likely to result in reversal or an order for a new trial. See 18 U.S.C. § 3143(b)(1). Ms. Brown has filed a motion explaining why she believes she meets these criteria (Doc. 250). The government agrees that Ms. Brown is unlikely to flee, she poses no danger, and her appeal is not taken for purposes of delay. However, the government does not agree that her appeal raises a substantial question of law or fact (Doc. 254).

The Eleventh Circuit has defined a "substantial question" as

> one of more substance than would be necessary to a finding that it was not frivolous. It is a "close" question or one that very well could be decided the other way. Further, there are no blanket categories for what questions do or do not constitute "substantial" ones. Whether a question is "substantial" must be determined on a case-by-case basis.

United States v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985) (footnote omitted). Ms. Brown bears the burden of establishing that her appeal presents a substantial question of law or fact. Id.

On appeal, Ms. Brown intends to argue that the Court erred in denying her motion for new trial which was based on the Court's dismissal of a juror during deliberations.[1] The circumstances which led to the dismissal of the juror and the legal basis for doing so are fully recounted in the Court's Order denying Ms. Brown's motion for new trial. See Doc. 200. In essence, the Court dismissed a juror who it found was unable to follow the law. The Court applied the governing legal standard to the facts, finding beyond a reasonable doubt that there was no substantial possibility that the juror was able to base his decision only on the evidence and the law as the Court had instructed. See id. at 14 (recounting findings made on the record at Doc. 182 at Tr. 60-61); United States v. Godwin, 765 F.3d 1306, 1316, 1318-19 (11th Cir. 2014); United States v. Abbell, 271 F.3d 1286, 1302-04 (11th Cir. 2001). The Court therefore dismissed the juror, replaced him with an alternate, and directed that the jury start the deliberations anew. After eleven hours of deliberations over two days, the reconstituted jury returned a verdict finding Ms. Brown guilty of 18 counts involving mail, wire

---

[1] Ms. Brown has not identified any other issue that she intends to argue on appeal.

and tax fraud and not guilty on four counts. The Court then denied Ms. Brown's motion for new trial (Doc. 200), and sentenced her (Doc. 246).

While the issue of whether to replace a deliberating juror comes up relatively infrequently, when it does, there is Eleventh Circuit precedent that guides the Court in its decision-making. The Court followed that precedent. Having applied the Eleventh Circuit standard, the Court's factual findings are reviewed under a deferential "clear error" standard, which is "seldom easy to establish." Godwin, 765 F.3d at 1318. Thus, while Ms. Brown is free to appeal this issue, she has not presented a "substantial question of law or fact" that would warrant permitting her to remain on release pending appeal. 18 U.S.C. § 3143(b)(1)(B); Giancola, 754 F.2d at 901.

Ms. Brown has been accorded all the consideration she is due, she has not met the standard to remain on release pending appeal, and it is in the interest of justice that she begin serving her sentence. However, Ms. Brown may seek release pending appeal from the Eleventh Circuit Court of Appeals. The Court will set a report date that gives Ms. Brown time to do so. If Ms. Brown chooses to seek relief from the Eleventh Circuit, she must file her motion no later than **December 29, 2017**.[2]

---

[2]The parties should file in this case copies of any filings made in the Eleventh Circuit addressing release pending appeal. The parties should also file a copy of any Order from the Eleventh Circuit regarding this issue.

Accordingly, it is hereby

**ORDERED**:

1. Defendant Corrine Brown's motion for release pending appeal (Doc. 250) is **denied**.

2. Ms. Brown shall report to the institution designated by the Bureau of Prisons on **January 29, 2018 by noon** unless the Eleventh Circuit orders otherwise.

**DONE AND ORDERED** at Jacksonville, Florida this 20th day of December, 2017.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies to:
A. Tysen Duva, Esq. (Asst. U.S. Attorney)
Michael Coolican, Esq. (Asst. U.S. Attorney)
Eric G. Olshan, Esq. (Asst. U.S. Attorney)
James W. Smith, III, Esq.
Samuel A. Walker, Esq.
United States Probation Office
United States Pretrial Services
United States Marshal Service
Bureau of Prisons
Defendant