UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

v.                                       Case Number: 3:16-cr-93-J-32-JRK

CORRINE BROWN
_____/

## APPELLANT BROWN'S MOTION TO EXTEND REPORT DATE
*TIME SENSITIVE MOTION*

Comes now former Congresswoman Corrine Brown ("Brown"), Defendant-Appellant herein, by her undersigned appellate counsel, William Mallory Kent, and hereby moves for an extension of her report date from the current report date of January 29, 2018 (which is one week from today), to a date not less than 30 days thereafter.

This Court's judgment and sentencing order [Doc. 246] initially set a January 8, 2018 report date to begin service of a 60 month prison sentence. Thereafter Brown, through her then trial counsel, James Wesley Smith, III, filed a motion for release pending appeal. [Doc. 250] and the Government through trial counsel filed a response in opposition. [Doc. 254] The defense motion for release pending appeal raised a single issue, the district court's decision, over defense objection, to discharge a juror who was favorable to the defense, Juror No. 13. The defense motion presented to this Court consisted of only one page of discussion of the issue to be presented on

appeal. The Government's opposition was thirteen pages, twelve of which addressed the merits of the single issue, making it appear to not be a substantial question for appeal. On the basis of those pleadings this Court denied the appeal bond motion in an order filed December 20, 2017 [Doc. 258]. This Court's order denying the appeal bond motion was four pages in length, two pages of which addressed the merits of the issue, concluding that the appeal would not present a substantial question.

However, in this Court's December 20, 2017 order denying the appeal bond, the Court also graciously extended, *sua sponte*, the report date to January 29, 2018, anticipating, correctly, that Brown would seek review at the Court of Appeals of the order denying release pending appeal. This Court required Brown to file any motion seeking release on appeal with the Eleventh Circuit by December 29, 2017 and conditioned her report date on any conflicting order from the Court of Appeals. This Court required the parties to file copies of anything filed at the Eleventh Circuit with this Court, which has been done.[1]

That same day, without any delay, Brown retained the undersigned counsel for

---

[1] The substantive pleadings have been filed, that is, Brown's motion for release, the Government's Opposition, and Brown's reply to the Government's opposition. Brown also filed with each pleading a separate unopposed motion to exceed word count and a separate unopposed motion for a one day extension of time to file her reply, all of which were granted. Those procedural pleadings were not filed with this Court.

2

appeal, and this counsel immediately began work on the motion to the Eleventh Circuit Court of Appeals and filed her motion for release pending appeal with the Eleventh Circuit within the time limit required by this Court, December 29, 2017, despite the fact that the Christmas holiday intervened.[2]

Brown's motion for release pending appeal presented to the Eleventh Circuit Court of Appeals December 29, 2017 was 33 pages in length, addressing the single issue of the discharge of Juror No. 13. The issue was carefully briefed, resulting in a Government Opposition filed by Assistant United States Attorney David Rhodes, Chief of the Appellate Division of the United States Attorney's Office for the Middle District of Florida, on January 8, 2018, which was 24 pages in length - just 258 words shy of the word count limit of Rule 27, Fed. R. App. P.[3] Brown filed a reply to the Government's Opposition which ran another 16 pages, again in excess of the permitted word count, but accepted as such by the Court of Appeals.

In essence, Brown has now filed what amounts to a *de facto* full initial appeal

---

[2] Counsel's wife has had a recurrence of cancer and is receiving treatment which requires counsel's presence and time. She had a surgical procedure the day the reply was due and this was the occasion for the one day extension request on the reply at the Eleventh Circuit.

[3] Brown's motion had exceeded the word count limit of Rule 27 by 3,685 words. The Court of Appeals granted Brown's motion to file in excess of the word count limit as to both the initial motion and the subsequent reply to the Government's opposition.

brief on the question and the Government has filed a full reply. The pleadings have been filed with this Court for ease of access as required by this Court's prior order. Brown respectfully urges that a review of the appellate pleadings demonstrates that the issue is not nearly as simple and straightforward as it might have appeared with the *de minimis* briefing which had been done at the district court. Indeed, it is not inconceivable that this Court upon review of the appellate pleadings, well might rescind its previous order and now find that the appellate issue does satisfy the substantial question standard entitling Brown to release pending appeal.

In any event, given the substantial nature of the appellate pleadings, counsel for Brown respectfully requests that this Court extend the report date an additional 30 days to allow the Court of Appeals more time to consider the issue. It is not so insubstantial that the Court of Appeals should be under any undue time constraints in considering the question.

Additionally, Brown has found the support of more than one Christian ministerial alliance who intend to request permission to appear as *amicus* at the Eleventh Circuit *on the appeal bond motion. See United States v. Affleck*, 765 F.2d 944 (10th Cir. 1985) (National Association of Criminal Defense Lawyers appeared as *amicus* on behalf of defendants in appeal bond proceeding at the court of appeals). The ministerial alliances will be represented by Charles Truncale, Esq., who is a

4

former appellate Assistant United States Attorney who has appeared in over 300 Eleventh Circuit appeals. Attorney Truncale has assured the undersigned counsel that he will be in position to file his request for permission to appear as *amicus* counsel together with a copy of his supporting brief at the Eleventh Circuit Court of Appeals by the end of this week.[4]

Under Fed. R. App. P. 29(e), the Court may permit an *amicus* filing at this stage, but if it does so, the Government will be entitled to file a belated opposition to the *amicus*.

> (e) Time for Filing. An amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed. An amicus curiae that does not support either party must file its brief no later than 7 days after the appellant's or petitioner's principal brief is filed. *A court may grant leave for later filing, specifying the time within which an opposing party may answer*.

---

[4] The Florida Association of Criminal Defense Lawyers (FACDL) has also authorized an appearance as *amicus* on the appeal and will be represented by noted appellate counsel, Michael Ufferman. Due to time constraints the FACDL cannot file an *amicus* brief at the appeal bond proceeding, but will file its request to appear and supporting brief at the time of the direct appeal initial briefing instead. The FACDL may brief the question of the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, *et seq.* as well as the effect of the violation of the *juror's* freedom of religion on Brown's right to a fair trial.

Contact has also been made with the American Center for Law and Justice, whose chief counsel is Jay Alan Sekulow, which intervenes as *amicus* in many First Amendment freedom or religion cases, but no decision has been made yet whether the American Center for Law and Justice will seek to intervene.

(emphasis supplied).

Given the significance of the First Amendment freedom of religion issue involved in this case, it is expected that *amicus* will be permitted to appear.

The *amicus* process will require more time and attention from the Court of Appeals, which is an additional reason to grant an extension of the report date.

Therefore, based on the above matters, Brown respectfully requests an extension of her report date of not less than 30 days.[5]

Respectfully submitted,

KENT & McFARLAND
ATTORNEYS AT LAW

  s/ William Mallory Kent
WILLIAM MALLORY KENT
Florida Bar Number 260738
24 North Market Street, Suite 300
Jacksonville, Florida 32202
904-398-8000 Telephone
904-348-3124 Fax
kent@williamkent.com

---

[5] It is anticipated that the Government will oppose this motion.

## CERTIFICATE OF SERVICE AND FILING

I certify that on Janury 22, 2018, I caused a true and correct copy of the foregoing to be served via CM/ECF upon all counsel of record.

s/ William Mallory Kent<br>
William Mallory Kent