IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10195-H

_____

IN RE: CORRINE BROWN,

                                                          Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

_____

Before: BRANCH, GRANT and JULIE CARNES, Circuit Judges.

B Y   T H E   P A N E L :

    Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), an application has been filed on behalf of Corrine Brown seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct her federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:

    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that

the application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination).

The present application does not bear Brown's signature or otherwise indicate that she authorized its filing. Therefore, to the extent that the filer lacks standing to seek relief for Brown, we will dismiss the application. *See Devine v. Indian River Cty. Sch. Bd.*, 121 F.3d 576, 582 (11th Cir. 1997) (holding that parents who were not lawyers were not entitled to bring a *pro se* action on their child's behalf), *overruled on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007); *see also Ford v. Haley*, 195 F.3d 603, 624 (11th Cir. 1999) (holding that, to proceed on behalf of a prisoner as "next friend" in a habeas corpus proceeding, the would-be representative must "prove that the real party in interest cannot pursue [her] own cause due to some disability" and demonstrate that the representative "is truly dedicated to the interests of the real party in interest").

In any event, the present application is premature because Brown's direct appeal of her criminal convictions remains pending, and she has not challenged them in a § 2255 motion that was denied on the merits. Thus, a properly filed § 2255 motion would not be second or successive.

For the foregoing reasons, the present application is DISMISSED in part and DENIED in part as premature.

3

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

| | |
|---|---|
| David J. Smith<br>Clerk of Court | For rules and forms visit<br>www.ca11.uscourts.gov |

January 30, 2019

Corrine Brown
FCI Coleman Low - Inmate Legal Mail
PO BOX 1032
COLEMAN, FL 33521-1032

Appeal Number: 19-10195-H
Case Style: In re: Corrine Brown
District Court Docket No: 3:16-cr-00093-TJC-JRK-1

The enclosed order has been entered. No further action will be taken in this matter.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Gerald B. Frost, H
Phone #: (404) 335-6182

Enclosure(s)

DIS-4 Multi-purpose dismissal letter